RECEIVED
USDC CLERK. CHARLESTON. SC

2007 JAN -5 A II: 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ronald S. Tillman, #85375-071,      )      2:06-CV-1396-SB-RSC
                                     )
          Petitioner,                )
                                     )
          -versus-                   )      **REPORT AND RECOMMENDATION**
                                     )
T. C. Outlaw, Warden, United States )
Penitentiary, Beaumont, Texas;      )
Attorney General of the State of    )
South Carolina;                     )
                                     )
          Respondents.               )

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on September 5, 2006.  28 U.S.C. § 636(b).

The Petitioner, Ronald S. Tillman, is incarcerated at the United States Penitentiary at Beaumont, Texas, pursuant to federal convictions and sentences and is also subject to state orders of commitment from the Richland County Clerk of Court in South Carolina for murder.  By bringing this petition he seeks to attack his state sentence which will begin at the conclusion of his federal sentence.

At the February 1989 term of the Court of General Sessions, the Richland County Grand Jury indicted Petitioner for murder (89-GS-40-0745). (PCR App. 100-01).  Petitioner was represented at the trial level by attorneys Jack Swerling and Jennifer Kneece

1

Shealy.  Petitioner was tried before the Honorable Don S. Rushing

and a jury on January 15-23, 1990, at the conclusion of which the

jury found him guilty as charged.  Judge Rushing sentenced

Petitioner to life imprisonment. (PCR App. 102).

A timely notice of appeal was filed and served with the

South Carolina Supreme Court.  Attorneys Swerling and Shealy

filed a Brief of Appellant, in which they raised the following

issues:

> 1.    Did the Trial Judge err in overruling
> Appellant's objections to certain questions,
> testimony, and evidence presented by the State
> concerning tire treads?
>
> 2.    Did the Trial Judge err in overruling
> Appellant's objections to the testimony of Gabby
> Wells concerning criminal misconduct allegedly
> referred to in statement allegedly made by
> Appellant?
>
> 3.    Did the Trial Judge err in refusing to allow
> Appellant to impeach the credibility of Gabby
> Wells by the use of a conviction of assault and
> battery with a machete?
>
> 4.    Did the Trial Judge err in giving the jury an
> "Allen charge" despite objection by Appellant that
> such charge was untimely and erroneous.

The State filed a Final Brief of Respondent on November 16, 1990.

The direct appeal was subsequently transferred to the South

Carolina Court of Appeals.  Oral argument took place on March 18,

1991, and the court of appeals issued an opinion on May 28, 1991,

in which it affirmed the conviction and sentence.  State v.

Tillman, 405 S.E.2d 607 (S.C. Ct. App. 1991).  Petitioner through

counsel filed a Petition for Rehearing on June 12, 1991, which

the state court of appeals denied by order dated June 20, 1991.

Attorneys Swerling and Shealy then filed a Petition for Writ

of Certiorari in the South Carolina Supreme Court on July 22,

1991.  The State filed a Return to the Petition for Writ of

Certiorari dared August 23, 1991.  On September 5, 1991, the

South Carolina Supreme Court issued an Order in which it denied

the petition and the Remittitur was sent down on September 9,

1991.

Petitioner filed an Application for Post-Conviction Relief

("APCR") in Richland County Common Pleas Court on July 17, 1995,

(95-CP-40-2449) in which he raised the following grounds for

relief:

> (a)  Ineffective Assistance of Counsel.  Trial
> counsel failed to interview or subpoena crucial
> witnesses.
>
> (b)  Brady violations.  Prosecutor withheld
> exculpatory evidence that was favor to the
> defense.
>
> (c)  Judge Abuse his Discretion and denied the
> defendant a fair trial.  Trial judge gave the
> Allen charge—it was deemed coercive.

(PCR App. 1).  Respondent filed a Return and Motion to Dismiss on

September 22, 1995, in which it argued that the APCR should be

dismissed as untimely under the state PCR statute of limitations.

(PCR App. 69).  Petitioner, through counsel Tara Dawn Shurling,

filed a Reply on October 23, 1995, and a Supplemental Reply on

3

November 27, 1995.  (PCR App. 72; 77).  The state filed a

Supplemental Return and Motion to Dismiss without Prejudice on

September 3, 1996, in which it asserted that dismissal without

prejudice was warranted as Petitioner was not then within the

custody or jurisdiction of the State of South Carolina.  (PCR

App. 80).  On September 13, 1996, Petitioner filed a Reply to the

State's supplemental motion.  (PCR App. 82).

On March 24, 1997, the Honorable L. Casey Manning issued an

Order in which he dismissed the APCR without prejudice, based on

the fact that Petitioner was incarcerated in another jurisdiction

and that the state of South Carolina had no "right, duty, or

authority" to obtain custody of Petitioner for his PCR action.

(PCR App. 92).  Petitioner through Attorney Shurling filed a

Motion to Alter or Amend pursuant to SCRCP 59(e), on April 7,

1997, which Judge Manning denied on July 13, 1998. (PCR App. 95,

98).

A timely notice of appeal was filed with the South Carolina

Supreme Court.  Melody Brown of the South Carolina Office of

Appellate Defense represented Petitioner, and on January 18,

1999, filed a Petition for Writ of Certiorari, which raised the

following issue:

> Did the circuit court judge err in dismissing
> Petitioner's application for lack of personal
> jurisdiction?

4

On May 5, 1999, Brown filed a Motion to Supplement Appendix in which she sought to include a transcript of Petitioner's federal sentencing, during which Petitioner's murder conviction was considered in determining his federal sentence.  On July 22, 1999, the South Carolina Supreme Court issued an order in which it denied the certiorari petition and denied the motion to supplement the appendix.  However, the order noted that the state PCR statute of limitations would not apply to Petitioner until he was returned to the jurisdiction of South Carolina.

Petitioner subsequently filed a second application for post-conviction relief on March 1, 2002, (02-CP-40-0971), in which he raised the following issues:

> (a)  Ineffective assistance of counsel.  The petitioner was the victim of woefully ineffective assistance of counsel in that counsel of record failed to timely object to an or preserve for appellate review the erroneous instructions to the jury by the trial court of murder, and counsel of record failure to object to the State attorney using perjury testimony by Hayes Malloy denied the petitioner the rights to a fair trial.  Also, counsel of record had a strong conflict of interest when his law firm represented the state witness Hayes Malloy for a assault and battery when Hayes Malloy shot up the petitioner's father party shop.  This representation of Hayes Malloy should have been brought to the attention of the trial court so the petitioner could have received an fair representation by counsel of record.
>
> (b)  Actual innocence.  The petitioner never received a fair trial and/or sentencing determination when counsel of record, as well the State of South Carolina attorney for the Richland county conspire to deny the petitioner due process rights under the United States Constitution to a

5

fair trial.  Both counsels knew or should have
known that Hayes Malloy's testimony was false when
they knew that Malloy fail the polygraph test
given by officer Burnette in regards to the
shooting of Donald Sutton.  The facts supporting
this case if the petitioner was given a fair trial
would have shown that the petitioner was actual
innocence of the killing of Donald Sutton.

(c)  Prosecutorial misconduct.  The State Attorney
for the Richland county for the district of South
Carolina knowly used false testimony against the
petitioner when the State attorney for the
Richland county made a deal with Hayes Malloy for
his testimony against the petitioner for promises
to dismiss Hayes Malloy's pending case before the
court, as well as the States Attorney for the
Richland county knowingly making a deal not to
charge Hayes Malloy with the murder of Donald
Sutton if Hayes Malloy testified against the
petitioner to save Malloy's own neck.  The actions
by the State attorney for the Richland county
violated the petitioner rights to due process and
equal protection under the United States
Constitution.

The State filed a Return and Motion to Dismiss dated June 12,

2002, in which it argued the APCR should be dismissed as

violative of the state PCR statute of limitations and bar against

successive applications.  On June 17, 2002, Petitioner filed a

Reply, Request for a Petition for Writ of Habeas Corpus Ad

Testificandum, and Motion for Appointment of Counsel.

On June 13, 2002, the Honorable C. Thomas Cooper signed a

Rule to Show Cause, giving Petitioner twenty days to show why his

APCR should not be dismissed without prejudice.  Petitioner filed

his response on August 14, 2002.

6

A hearing was held before the Honorable Alison R. Lee on May 27, 2004. Petitioner was not present, but was represented by D. Christopher Shea, Esquire. On January 28, 2005, Judge Lee signed an Amended Order of Dismissal, in which she dismissed the action without prejudice for failure to prosecute.

Petitioner also has pending in this court a federal habeas corpus action under 28 U.S.C. § 2241 against the South Carolina Department of Probation, Parole, and Pardon Services (2:06-CV-896-RSC-SB), as well as a motion to vacate his federal sentence under 28 U.S.C. § 2255 (3:05-cv-2319-SB).

The following records have been made part of the file in the instant action:

(1)  Appendix (direct appeal), containing: Transcript of Record; Brief of Appellant; Brief of Respondent; Opinion No. 1666, filed May 28, 1991; Petition for Rehearing dated June 12, 1991; and Order dated June 20, 1991, denying Petition for Rehearing;

(2)  Brief of Appellant;

(3)  Brief of Respondent, dated November 16, 1990;

(4)  Petition for Writ of Certiorari (direct appeal) dated July 22, 1991;

(5)  Return to Petition for Writ of Certiorari (direct appeal) dated August 23, 1991;

(6)  Remittitur, dated September 9, 1991;

(7)  Order denying Petition for Rehearing, dated June 20, 1991;

(8)  Appendix (PCR Appeal), containing: APCR; Affidavit in Support of APCR; Return; Reply to

7

Return; Supplemental Replys to Return; Order of
Dismissal; Motion to Alter or Amend; Motion on
Ruling on Motion to Alter or Amend; Order; and
Clerk of Court Records;

(9)  Petition for Writ of Certiorari, dated
January 18, 1999;

(10) Return to Petition for Writ of Certiorari,
dated April 5, 1999;

(11) Motion to Supplement Appendix, dated May 5,
1999;

(12) Order Granting Motion to Supplement Appendix,
and Denying Petition for Writ of Certiorari, dated
July 22, 1999;

(13) Remittitur, dated August 9, 1999;

(14) APCR, dated February 26, 2002;

(15) Return and Motion to Dismiss, dated June 12,
2002;

(16) Rule to Show Cause, dated June 13, 2002;

(17) Motion for the Appointment of Counsel, dated
June 17, 2002;

(18) Petition for a Writ of Habeas Corpus ad
Testificandum, dated June 17, 2002;

(19) Applicant's Reply to Respondent's Return and
Motion to Dismiss, dated June 17, 2002;

(20) Applicants Show Cause, dated August 12, 2002;
and

(21) Amended Order of Dismissal, dated June 16,
2004.

In the present petition for a writ of habeas corpus under 28

U.S.C. 2254 Petitioner asserted the following grounds for relief:

8

**Ground One**: Actual Innocence

Petitioner, is actually innocent of the crime.

**Ground Two**: Prosecutioral Misconduct

The Prosecutor used perjured testimony, and was aware that his witness lied.

**Ground Three**: Ineffective Assistance of Counsel

Counsel failed to investigate the perjured testimony, and failed to investigate the results of polygraph test that the states witness had failed of which the state had administered to its witness.

The petitioner was provided a copy of the Respondents' summary judgment motion on September 5, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Petitioner opposed the motion on September 18, 2006, and again on November 29, 2006. Hence it appears consideration of the motion is appropriate.

## DISCUSSION

Dispositive of this entire habeas corpus petition is the fact that the petition is untimely.  Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

(A) the date on which the judgment became final by

the conclusion of direct review or the expiration
of the time for seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation
of the Constitution or laws of the United States
is removed, if the applicant was prevented from
filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by
the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the time during which a properly filed application

for state post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under § 2244(d)(1).    28

U.S.C. § 2244(2).

Here, the petitioner's conviction became final prior to the

enactment of the AEDPA on April 24, 1996, so he had one year

thereafter, until April 24, 1997, in which to timely file his

federal habeas petition.  Hernandez v. Cardwell, 225 F.2d 435

(4th Cir. 2000); Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

However, the federal statute was tolled during the pendency of

Petitioner's properly filed PCR until the South Carolina Supreme

Court issued the Remittitur on August 9, 1999.  Petitioner then

had one year, until August 10, 2000, to file his habeas petition

10

here.  He did not do so.  He filed the instant petition on May 2,
2006, over five (5) years too late.  As a result, this petition
is barred by the AEDPA's statute of limitations.

The fact that the South Carolina Supreme Court noted that
the South Carolina Statute of Limitations applicable to the
filing of Post conviction Relief Applications would be tolled
until Petitioner was finished with his federal sentence and
returned to the custody of the State of South Carolina does not
effect the running of the federal AEDPA's statute of limitations.
The intent of the AEDPA is to toll the one year limitations
period only when the state collateral review proceeding is
"pending."  Carey v. Saffold, 536 U.S. 846, at 220-221, 225-226,
122 S.Ct. 2134 (2002).  There was no pending state collateral
review proceeding for the year between August 9, 1999, when the
remittitur from the denial of a writ of certiorari from the
denial of PCR was sent down and one year later, August 9, 2000,
at which time the federal statute had run.

The AEDPA makes no provision for extending its one year
statute as a result of the action a state court takes in regards
to its own statute of limitations for collateral attacks of state
convictions.  Petitioner here could have filed his habeas corpus
petition timely; he simply did not, and the petition must be
dismissed as untimely.

To hold otherwise would make the federal statute of

11

limitations subject to the whim of the states in the application of their statute of limitations.  The obvious and appropriate action for a petitioner in the situation presented here would be to file a timely petition in federal court in accord with 28 U.S.C. § 2254.  If the state subsequently raises exhaustion as a defense, the federal court has authority to stay the federal petition pending exhaustion of state claims or to deny the defenses.  <u>Rhimes v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 1531 (2005).  This result protects the federal government's right to control its own litigation and enforce its own statutes while respecting the comity due the decisions and laws of a sovereign state.

Dismissal of this belated § 2254 petition should come as no surprise to this petitioner in light of the clear and unambiguous terms of the AEDPA.  The state is entitled to summary judgment herein on timeliness grounds.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that this petition be denied as untimely.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January _____, 2007

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

13