IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 AUG 10  A 9:51

Ronald S. Tillman, #85375-071, #14854,  )
                                        )
                 Petitioner,            )
                                        )
v.                                      )    C.A. No. 2:06-1396-SB
                                        )
T.C. Outlaw, United States Penitentiary, )
Beaumont, Texas; Attorney General of    )    **ORDER**
the State of South Carolina,            )
                                        )
                 Respondents.           )
_____ )

This matter is before the Court upon Petitioner Ronald S. Tillman's ("Petitioner") *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, this matter was referred to United States Magistrate Judge Robert S. Carr for initial review.

## BACKGROUND

When the Petitioner filed this § 2254 petition, he was incarcerated in the Federal Correctional Institution in Beaumont, Texas pursuant to a federal conviction and sentence.[1]

The Petitioner also is subject to orders of commitment from the Richland County Clerk of Court in South Carolina. In March of 2007, the Petitioner was transferred from Beaumont,

_____

[1] In June of 1989, the Petitioner was convicted in federal court of armed bank robbery and the use of a firearm during a crime of violence. In February of 1990, he was sentenced to 20 years imprisonment on the armed robbery count and five years imprisonment on the weapons count. The Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. On May 28, 1991, the Fourth Circuit denied his appeal and affirmed his judgment of conviction.

On April 27, 1997, the Petitioner filed a § 2255 motion, which the Court dismissed on the merits in 1998. Then, in August 2005, the Petitioner filed another § 2255 motion, which the Court dismissed as an improper successive § 2255 motion in January of 2007. In addition to these § 2255 motions, the Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the Court dismissed in March of 2007.

Texas to the Federal Correctional Institution in Jesup, Georgia, where he currently is incarcerated.

In February of 1989, the Petitioner was indicted for murder in Richland County, South Carolina. Attorneys Jack Swerling and Jennifer Kneece Shealy represented the Petitioner, who proceeded to trial before the Honorable Donald S. Rushing from January 15-23, 1990. The jury convicted the Petitioner as charged, and Judge Rushing sentenced him to life imprisonment with a sentence start date of January 23, 1990.[2]

The Petitioner, with the aid of attorneys Swerling and Shealy, filed a notice of appeal. Oral argument took place on March 18, 1991, and the South Carolina Court of Appeals issued an opinion on May 28, 1991, affirming the Petitioner's conviction and sentence. See State v. Tillman, Op. No. 1666 (S.C. Ct. App. 1991). On June 12, 1991, the Petitioner, through counsel, submitted a petition for rehearing, which the court denied by order dated June 20, 1991.

On July 22, 1991, attorneys Swerling and Shealy filed a petition for writ of certiorari in the South Carolina Supreme Court. The State filed a return to the petition on August 23, 1991. Then, on September 5, 1991, the South Carolina Supreme Court issued an order denying the petition; the remittitur was sent down on September 9, 1991.

Next, the Petitioner, who was represented by attorney Tara Dawn Shurling, filed an application for post-conviction relief ("PCR") on July 7, 1995, wherein he alleged the

---

[2] After Judge Rushing sentenced the Petitioner to life in prison, the Petitioner came before this Court for sentencing. In February of 1990, this Court sentenced the Petitioner to 20 years imprisonment for armed robbery and five years for the use of a firearm during a crime of violence. The Petitioner is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia; the South Carolina Department of Corrections has placed a detainer on the Petitioner.

2



following grounds for relief: (1) ineffective assistance of counsel; (2) Brady violations; and (3) judicial abuse of discretion in violation of his right to a fair trial. The State filed a return and motion to dismiss on September 22, 1995, arguing that the Petitioner's PCR should be dismissed as untimely under the state PCR statute of limitations. The Petitioner filed a reply on October 23, 1995, and a supplemental reply on November 27, 1995. The state filed a supplemental return and motion to dismiss without prejudice on September 3, 1996, asserting that dismissal without prejudice was warranted because the Petitioner was not then within the jurisdiction of the state of South Carolina. The Petitioner, through counsel, filed a reply on September 13, 1996.

In an order dated March 24, 1997, the Honorable Casey Manning dismissed the Petitioner's PCR application without prejudice pending the return of the Petitioner to the South Carolina Department of Corrections. The Petitioner filed a motion to alter or amend, which the court denied in an order dated July 13, 1998.

The Petitioner then filed a timely notice of appeal with the South Carolina Supreme Court. Attorney Melody Brown of the South Carolina Office of Appellate Defense was appointed to represent the Petitioner, and on January 18, 1999, Brown filed a petition for writ of certiorari. The State filed a return on April 5, 1999. Then, on May 5, 1999, Brown filed a motion to supplement the appendix to include a transcript of the Petitioner's federal sentencing, during which sentencing the federal court had considered the Petitioner's murder conviction in calculating his federal sentence. On July 22, 1999, the South Carolina Supreme Court denied the petition for a writ of certiorari and the motion to supplement the appendix; however, the order noted that the state PCR statute of limitations would not apply to the Petitioner until he was returned to the jurisdiction of South

3



Carolina.

Thereafter, on March 1, 2002, the Petitioner filed a second PCR application, wherein he alleged the following grounds: (1) ineffective assistance of counsel; (2) actual innocence; and (3) prosecutorial misconduct. The State responded to the Petitioner's application with a motion to dismiss on June 12, 2002, arguing that the Petitioner's second PCR should be dismissed as violative of the state PCR statute of limitations and bar against successive applications. On June 17, 2002, the Petitioner filed a reply, a request for a petition for writ of habeas corpus ad testificandum, and a motion for appointment of counsel. On June 13, 2002, the Honorable G. Thomas Cooper signed a Rule to Show Cause, giving the Petitioner 20 days to show why his second PCR should not be dismissed without prejudice. The Petitioner filed his response on August 14, 2002. On May 27, 2004, a hearing was held before the Honorable Allison R. Lee at the Richland County Courthouse. The Petitioner was not present, but he was represented by attorney Christopher Shea. On January 28, 2005, Judge Lee signed an amended order of dismissal, dismissing the action for failure to prosecute.

On May 2, 2006, the Petitioner filed the present habeas corpus petition. The Respondents filed a motion for summary judgment, to which the Petitioner responded. On January 5, 2007, the Magistrate Judge issued a report and recommendation ("R&R"), recommending that the Court grant the Respondents' motion for summary judgment and deny the Petition as untimely. The Court granted the Petitioner two extensions of time within which to file written objections to the R&R; however, the Court denied the Petitioner's motion for Judge Blatt to recuse himself. On March 28, 2007, the Petitioner filed ten pages of written objections and attached more than 90 pages of exhibits. The matter is now ripe



for consideration.

## STANDARD OF REVIEW

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendation contained in the R&R. 28 U.S.C. § 636 (b)(1). After a review of the entire record, the R&R, and the Petitioner's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R.

## DISCUSSION

**A.    The AEDPA's Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims



5

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). "[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their . . . § 2255 motion[s]." Brown v. Angelone, 150 F.3d 370, 375 (4th Cir.1998). Additionally, § 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

In the present case, the Petitioner's conviction became final prior to the effective date of the AEDPA, and therefore, as the Magistrate Judge correctly pointed out, the limitations period began to run on April 24, 1996, the effective date of the AEDPA. See Brown, 150 F.3d at 375. Thus, the Petitioner's limitations period expired on April 24, 1997, unless a properly filed state PCR application tolled the period at any time. See 28 U.S.C. § 2244(d)(2). Here, a properly filed PCR application was pending until August 9, 1999, when the Supreme Court of South Carolina sent down the remittitur from the denial of the Petitioner's petition for a writ of certioriari. The Petitioner then had one year within which to file a timely habeas corpus petition; however, he did not file the present petition until May 2, 2006, almost six years later. As a result, the Magistrate Judge recommended that the

6



Court deny the Petitioner's § 2254 petition as untimely.

## II.    The Petitioner's Objections and Equitable Tolling

On March 28, 2007, after being granted two extensions of time, the Petitioner filed ten pages of written objections with more than 90 pages of exhibits.  In his objections, the Petitioner asks that the Court refuse to adopt the Magistrate Judge's R&R and deny the Respondents' motion for summary judgment.

As an initial matter, the Petitioner objects to the Magistrate Judge's statement that his state sentence will begin at the end of his federal sentence.[3]  The Petitioner points out that the start date of his state sentence is January 23, 1990, and he asserts that the Magistrate Judge is trying to misrepresent to the Court whether it has jurisdiction.  To the contrary, the Court finds that although the Petitioner is correct about the start date of his state sentence, the Magistrate Judge's statement is but a harmless clerical error and has no effect on the outcome of this case.  In fact, the Petitioner's objection actually supports the Magistrate Judge's conclusion that the § 2254 petition is untimely, as the objection demonstrates that the Petitioner has been "in custody" for purposes of his § 2254 challenge for many, many years.[4]

---

[3] The Magistrate Judge stated: "By bringing this petition he seeks to attack his state sentence which will begin at the conclusion of his federal sentence."  (R&R at 1.)

[4] Although the Petitioner is in federal custody at this time, he is subject to a detainer issued by South Carolina authorities (and his state sentence start date is January 23, 1990).  These facts support a finding that the Petitioner is "in custody" for purposes of a challenge under 28 U.S.C. § 2254.  See Peyton v. Rowe, 391 U.S. 54 (1968) (holding that a prisoner serving consecutive state sentences is "in custody" under any of them for purposes of § 2241); Maleng v. Cook, 490 U.S. 488, 493 (1989) (applying Rowe and finding that a prisoner serving a federal sentence may challenge a state sentence that he has not begun serving where the state authorities placed a detainer on the prisoner so that he would be returned to the state at the conclusion of his federal sentence).

7



Next and most importantly, the Petitioner objects to the Magistrate Judge's conclusion that the § 2254 petition is untimely and asserts that he is entitled to equitable tolling. The Petitioner states, "out of an over-abundance of caution and in the interest of the utmost due diligence, the herein petitioner avers that the "doctrine of equitable tolling" validly applies to this particular circumstances, in regard to the filing of his Second Application for Post-Conviction Relief [ ] as well as the instant pro se habeas corpus petition." (Obj. at 3-4.)

Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Here, as previously mentioned, the Petitioner's state conviction became final prior to the effective date of the AEDPA, and therefore, the Petitioner's limitations period for filing a timely habeas corpus petition began to run on April 24, 1996, the effective date of the AEDPA. See Brown, 150 F.3d at 375. Thus, the Petitioner's limitations period expired on April 24, 1997, unless a properly-filed state PCR application tolled the period at any

8



time.  See 28 U.S.C. § 2244(d)(2).  Here, a properly-filed PCR application was pending until August 9, 1999, when the Supreme Court of South Carolina sent down the remittitur from the denial of the Petitioner's petition for a writ of certiorari.  Therefore, the Petitioner then had one year within which to file a timely § 2254 petition; however, he did not file this § 2254 petition until May 2, 2006, almost six years later.

On March 1, 2002, about two-and-a-half years after the conclusion of his first PCR, the Petitioner filed a second PCR.  The Petitioner argues that this second PCR was timely due to equitable tolling.  However, what the Petitioner misunderstands is that even if the state court found his second PCR timely due to equitable tolling, his time for filing a timely § 2254 *already* had passed (on or around August 10, 2000).  Therefore, the filing of the second PCR does not affect the question of whether the present § 2254 petition is timely.  Nevertheless, even if the Court found that the second PCR tolled the Petitioner's time for filing a § 2254 petition, the fact remains that the Petitioner's second PCR was dismissed on January 28, 2005, and the Petitioner still did not file the present § 2254 petition until May 2, 2006, more than one year and three months later.

In support of his argument that he is entitled to equitable tolling, the Petitioner argues that "external causes beyond [his] control made it impossible to file earlier than he did." (Obj. at 5.)  The Petitioner asserts that he was moved throughout the Federal Bureau of Prisons system, that he was placed on "covalescence status" for a total of 13 days while he recuperated from an injury, and that he was delayed by "emergency lockdowns." (Obj. at 5, 8.)  He also states that "inmate on inmate assaults, inmate on staff assaults, food strikes, and severe inclement weather" all contributed to the "reasonable delay" in his filing. (Obj. at 8-9.)  While these arguments certainly are creative, the Court does not find them

9



persuasive; to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>Rouse</u>, 339 F.3d at 246. Here, the Court finds that the circumstances set forth by the Petitioner are not extraordinary, and although certain of the circumstances may have been beyond the Petitioner's control or external to his own conduct, nothing in the record indicates that these alleged circumstances prevented him from filing on time. In short, the Court finds that this case does not involve the type of extraordinary circumstances required for the application of equitable tolling. To the contrary, the record demonstrates that the Petitioner has not pursued his rights diligently, and his "lack of diligence precludes equity's operation." <u>Pace</u>, 544 U.S. at 419. As a result, the Petitioner's objections are denied.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted; the Petitioner's objections are denied; the Respondents' motion for summary judgment is granted; the Petitioner's § 2254 petition is dismissed as untimely; and any other pending motions are hereby rendered moot.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

August ___9___, 2007
Charleston, South Carolina



10